IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALISHA NICOLE CUA,<br><br>          Plaintiff,<br><br>     vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>          Defendant. | CIVIL NO. 24-00216 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)

Before the Court is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Motion), filed April 28, 2025.  Motion, ECF No. 14.  Defendant filed a response to the Motion, which states "Defendant neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)."  Response, ECF No. 16 at 2.  After careful consideration of the Motion, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and

BACKGROUND

Plaintiff filed a claim for Social Security Disability Insurance Benefits on September 10, 2022. See Complaint, ECF No. 1 at 2. On February 7, 2024, the Administrative Law Judge denied Plaintiff's application for benefits. See id. at 3. The Appeals Council also denied Plaintiff's request for review on March 13, 2024. See id. On May 10, 2024, Plaintiff appealed to this Court. See id.

On July 5, 2024, Chief District Judge Derrick K. Watson approved the parties' Stipulation for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment (Stipulation to Remand). See Stipulation to Remand, ECF No. 9. Following remand, the Court awarded Plaintiff $1,100.79 in attorneys' fees and $402.00 in costs under the Equal Access to Justice Act (EAJA). See Order, ECF No. 13. On remand, Plaintiff received a favorable decision granting her application for benefits. See Motion, ECF No. 14 at 2.

Pursuant to the terms of her retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to twenty-five percent of her past-due benefits if her social security appeal was successful. See Exhibit B to Motion, ECF No. 14-2.

The Social Security Administration (SSA) provided Plaintiff a Notice of Award on April 22, 2025. See Exhibit A to Motion, ECF No. 14-1. In the

---

Recommendation.

Notice of Award, the SSA stated that it was withholding $21,760.50 in past-due benefits, which represented twenty-five percent of the total past-due benefits awarded to Plaintiff, in order to pay any approved request for attorneys' fees. See id. at 3.

In the Motion, Plaintiff's counsel asserts that he is entitled to an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $21,760.50, which is twenty-five percent of Plaintiff's past-due benefits, pursuant to the retainer agreement with Plaintiff. See Motion, ECF No. 14 at 2, 6. Regarding counsel's previous EAJA award in the amount of $1,100.79, counsel "requests that he be ordered to, upon payment of the 406(b) fees, refund the EAJA fee amount to Plaintiff directly." Id. at 3.

## DISCUSSION

Under 42 U.S.C. § 406(b), the court may award reasonable fees to a successful claimant's counsel up to twenty-five percent of the claimant's past-due benefits. See 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and Section 406(b) fees combined. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and 42 U.S.C. § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee") (quotation marks, brackets, and citation omitted). The attorney's fees awarded under Section 406(b) are paid by the claimant out of the

3

past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating the requested fee is reasonable. See id. at 807.

If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness determination. See id. at 808; see also Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." See Gisbrecht, 535 U.S. at 807-08. "A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case'" such that the requested fee "would constitute a windfall." Crawford, 586 F.3d at 1148, 1151 (quoting Gisbrecht, 535 U.S. at 808).

Under the standards articulated above, the Court finds that counsel met his burden of demonstrating that the requested fees are reasonable. Under the fee agreement in this case, Plaintiff agreed to pay counsel twenty-five percent of her past-due benefits if counsel successfully represented her on appeal to this Court

4

and owed no fees to counsel if the appeal was unsuccessful. See Exhibit B to Motion, ECF No. 14-2; Crawford, 586 F.3d at 1152 (considering the "significant risk" that attorneys face in taking social security cases on a contingent basis in determining whether the requested fees are reasonable). Counsel's request for $21,760.50 in attorneys' fees represents the statutory maximum of twenty-five percent of the past-due benefits awarded to Plaintiff. See Motion, ECF No. 14 at 2, 6; see also 42 U.S.C. § 406(b)(1)(A). Because counsel provided quality representation and obtained a successful result in this Court, which resulted in Plaintiff receiving substantial past-due benefits, the Court finds that no reduction in fees due to substandard performance is warranted. Further, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees awarded for dilatory conduct. Finally, no reduction in fees is necessary to prevent counsel from receiving a windfall. Courts in this circuit regularly award fees with rates exceeding $1,000 per hour in similar cases. See Brazile v. Comm'r of Soc. Sec., CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); see also Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss"). The Court finds that no downward adjustment in the requested fees is necessary in

5

this case. Accordingly, the court finds that a fee award of $21,760.50 is reasonable.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's counsel's Motion, ECF No. 14, and authorize an attorney's fee award of $21,760.50 in accordance with 42 U.S.C § 406(b), and ORDER Plaintiff's counsel to pay Plaintiff the previously awarded EAJA fees in the amount of $1,100.79.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 16, 2025.



Wes Reber Porter
United States Magistrate Judge

Cua v. Bisignano; Civ. No. 24-00216 DKW-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b).